JAMES I MOORE and others v. RICHARD D. JONES and others.

*Mandamus — Canvass of Votes — Restraining Order.*

When a mandamus is granted to compel a re-canvass of election returns by a Board of County Commissioners, *Held*, not to be error to grant at the same time an order restraining the persons declared elected upon the first canvass from exercising the duties of their offices.

APPEAL from a Restraining Order made at Chambers in Franklinton on the 14th day of December, 1876, by *Watts, J.*

The defendant Commissioners declared the defendant James B. Crews elected Sheriff of Granville County at an election held on the 7th day of November, 1876, and the defendants James B Hobgood, John Morgan and Elijah C. Montague, each elected to the office of County Commissioner at said election.

Upon application of the plaintiffs an order was issued restraining and enjoining said defendants declared elected as aforesaid, from qualifying or in any way attempting to hold said offices, or to perform any of the duties incident thereto.

The facts stated in the preceding case are applicable to this.    Defendants appealed.

*Messrs. Merrimon, Fuller & Ashe* and *T. B. Venable*, for plaintiffs.

*Messrs. L. C. Edwards* and *J. B Batchelor* for defendants.

PEARSON, C. J.    The decision in respect to the "Board of Commissioners," leaves but little that need be said in respect to these defendants.

The Board of Commissioners certified that these persons were elected.    This certificate was superseded by the writ

of mandamus, "*per se*," from the nature of the thing, the one being a mere sequence of the other; that is, the certificate owed its vitality to the action of the Board, which the mandamus vacated, and of course was vacated with it.

It follows, that if these parties had presumed to exercise the duties of their offices, after notice of the writ of mandamus, they would have been in contempt for a defiance of what has been termed "the grand prerogative writ" of mandamus.

This being so, the fact that they are included in the summons and that the complaint asks for a restraining order and injunction, and the fact that such orders were made, were mere matters of supererogation and could do no harm.

We are of opinion that there is no error in the ruling of His Honor, of which the defendants have a right to complain.

PER CURIAM.                    Judgment affirmed.